UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22309-CV-SCOLA
MAGISTRATE JUDGE REID

RICHARD STEARNS-MILLER,

    Petitioner,

v.

MARK INCH,

    Respondent.
    _____/

## **REPORT OF MAGISTRATE JUDGE RECOMMENDING DISMISSAL OF HABEAS PETITION - 28 U.S.C. §2241**

### **I. Introduction**

Petitioner, **Richard Stearns-Miller,** a convicted felon, while confined at the Dade Correctional Institution ("Dade CI"), in Florida City, Florida, filed this amended *pro se* federal habeas corpus petition, pursuant to 28 U.S.C. § 2241-43. [ECF No. 10]. Petitioner seeks an Order from the Court directing his immediate release from Florida Department of Corrections ("FDOC") custody. Plaintiff argues that his continued confinement violates the Eighth Amendment proscription against cruel and unusual punishment because of the risk of harm posed by the ongoing COVID-19 pandemic. For the reasons detailed below, this petition should be DISMISSED.

This case has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636 and S.D. Fla. Admin. Order 2019-2.

## II. Relevant Factual and Procedural Background

In 2004, Petitioner was convicted of two felony counts of lewd and lascivious exhibition on a victim under the age of sixteen, and solicitation to commit murder. [*See* FDOC Inmate Detail].[1] He is currently housed at Dade CI and his current scheduled release date is September 11, 2050. [*Id.*].

While confined at the Dade CI, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, alleging that he and other medically vulnerable prisoners at the facility should be released from prison because officials are unable to follow Center for Disease Control ("CDC") social-distancing guidelines regarding COVID-19. [ECF No. 1]. Plaintiff also alleged various other claims, including, but not limited to, claims under the Americans with Disabilities Act, deliberate indifference to his Hepatitis B and sleep apnea, and discrimination based on his status as a sex offender. [*Id.*].

Upon screening, the Court determined that Petitioner's complaint [ECF No. 1] was improperly pled and ordered him to file an amended complaint mainly because (1) Petitioner could not bring a class action *pro se*, and (2) the petition

---

[1] The Court takes judicial notice of Petitioner's information on the FDOC Website. *See* Fed. R. Evid. 201. A copy of this information has been incorporated into the record by separate order.

involved a challenge to Petitioner's conditions of confinement, which should be challenged under 42 U.S.C. § 1983 instead of § 2241. [ECF No. 5]. The Court ordered Petitioner to amend the complaint, on the proper § 1983 form, by July 6, 2020. [*Id*.]. The Court also ordered Petitioner to pay the applicable § 1983 filing fee and provided him with an order of instructions. [ECF Nos. 3, 4].

Petitioner filed a motion to strike these documents, in part, claiming that he is not raising a § 1983 action. [ECF No. 6 at 1]. He insisted that he was seeking the emergency categorical release under 28 U.S.C. § 2241 of the medically vulnerable class defined in his complaint. [*Id*. at 4].

The Court then issued a Report and Recommendation, recommending that the case be dismissed without prejudice to Petitioner filing a non-class action complaint. [ECF No. 7]. Shortly thereafter, Petitioner filed an amended petition for writ of habeas corpus under § 2241 only as to himself. [ECF No. 10]. Consequently, the Court vacated its prior Report and issued an order to show cause to the Respondent to address the merits of the petition given the "emergency" nature of the allegations. [ECF No. 14].

In his amended petition [ECF No. 10], Petitioner claims that he is a "immunocompromised serious chronic respiratory patient" and that is "at extreme unreasonable risk of immediate infection" with COVID-19. [*Id*. at 1-2]. He claims that prisoners at Dade CI, his facility of confinement, are living in "extreme

overcrowding" with "no air conditioning filtration." [*Id*. at 2-3]. He asserts that Dade CI personnel have failed to provide access to adequate cleaning supplies, and that no "mitigation efforts" to protect him from the virus have been taken. [*Id.* at 4]. He further claims that Respondent had the legal authority to remove him from custody under "certain situations," and claims that "no type" of any custodial confinement is safe. [*Id*. at 5].

Respondent has filed a response to this court's order to show cause [ECF No. 17], claiming that habeas relief is unavailable based on the facts alleged in the complaint [*Id*. at 2-4], Petitioner's claim is not properly brought under § 2241 or § 1983 [*Id*. at 8-11], and his claim for injunctive relief fails because Petitioner fails to make a showing of a substantial likelihood of success on the merits. [*Id*. at 11-25].

### III. Discussion

A. <u>Lack of Subject Matter Jurisdiction Under § 2241</u>

Petitioner argues that § 2241 permits the Court to grant a writ of habeas corpus because he is not challenging the conditions of his confinement but is instead seeking release from custody because no prison conditions can be modified to make his incarceration safe. [ECF No. 10 at 9]. In response, Respondent argues that habeas relief under § 2241 is not warranted because a "prisoner's COVID-19 safety concerns are conditions-of-confinement claims that cannot be raised through a habeas petition." [ECF No. 17 at 5].

Here, it is evident Petitioner is not challenging the constitutionality of his conviction and resultant sentence entered in state court, nor is he arguing that the duration of his continued detention is unlawful. Instead, Petitioner claims that there is a risk of COVID-19 continuing to spread within the FDOC facility where he is confined, and that recommendations to prevent the spread of the virus are inadequate or ineffective. Consequently, Petitioner is, in fact, challenging the condition of his confinement, because absent those inadequate or ineffective conditions, his claims would not exist. *See Matos v. Lopez Vega,* No. 20-CV-60784-RAR, 2020 WL 2298775, \*6 (citing *A.S.M. v. Donahue,* 2020 WL 1847158, \*1 (M.D. Ga. Apr. 10, 2020) (citing *Vaz v. Skinner*, 634 F. App'x 778, 781 (11th Cir. 2015)).

Section 2241 permits a district court to grant a habeas corpus petition when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement fall outside of habeas corpus law." *Vaz,* 634 F. App'x at 780 (citing *Nelson v. Campbell,* 541 U.S. 637, 644 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance.")); *Hutchinson v. Riley,* 468 F.3d 750, 754 (11th Cir. 2006); *Matos,* 2020 WL 2298775, at \*5 (citations omitted)

(finding petitioner cannot seek to contest conditions of confinement following COVID-19 in a habeas corpus petition and such claims should be brought by way of a civil rights action) (citing *A.S.M.,* 2020 WL 1847158, at *1) (citing *Vaz,* 624 F. App'x at 781) ("Although the Eleventh Circuit has not addressed the issue in a published opinion, an unpublished opinion in this Circuit has concluded that a petition for writ of habeas corpus is not the appropriate mechanism for contesting a prisoner's conditions of confinement.").

Further, as noted by the *Matos* court, even if release were appropriate, "release from custody is not an available remedy" arising from a violation of a detainees' condition of confinement. *See Matos,* 2020 WL 2298775 at *6 (citing *Gomez v. United States,* 899 F.2d 1124, 1126-27 (11th Cir. 1990) (concluding defendant suffering from Acquired Immune Deficiency Syndrome was not entitled to release on bail pending review on merits of his habeas petition)). Instead, the appropriate remedy "is to require the discontinuation of any improper practices . . . [it] does not include release from confinement." *Matos, supra* (quoting *Gomez,* 899 F.2d at 1126).

Moreover, as noted by the Respondent [ECF No. 17 at 5], other courts within this Circuit have also found that a prisoner's COVID-19 safety concerns cannot be raised through a habeas petition under § 2241. *Keys v. Warden, FCC Coleman - Low*, 5:20-CV-319-OC-02PRL, 2020 WL 3962233, at *1-2 (M.D. Fla. July 13, 2020);

*Benavides v. Gartland*, 5:20-CV-46, 2020 WL 3839938, at *4 (S.D. Ga. July 8, 2020); *A.S.M. v. Warden, Stewart Cty. Det. Ctr.*, 7:20-CV-62 (CDL), 2020 WL 2988307, at *4 (M.D. Ga. June 3, 2020); *Archilla v. Witte*, 420CV00596RDPJHE, 2020 WL 2513648, at *12-16 (N.D. Ala. May 15, 2020); *Pate v. Joseph*, 3:20CV5091/MCR/EMT, 2020 WL 2515943, at *1 (N.D. Fla. Apr. 1, 2020), *supplemented*, 2020 WL 2515948 (N.D. Fla. Apr. 29, 2020), *report and recommendation adopted*, 2020 WL 2514879 (N.D. Fla. May 15, 2020).

Accordingly, Petitioner cannot use § 2241 to raise a claim regarding his conditions of confinement. Thus, Petitioner's claims should be dismissed without prejudice to refiling under 42 U.S.C. § 1983, following exhaustion of his administrative remedies. Because Petitioner's claims properly arise under § 1983, Petitioner may choose to file a § 1983 action, subject to a new case number and proper filing fee.[23]

---

[2] It should be noted that the Eleventh Circuit has already named Petitioner a three-striker under 28 U.S.C. § 1915(g), meaning that he cannot proceed *in forma pauperis* in any § 1983 action unless he can show, at the time of filing, that he is in imminent danger of serious physical injury. If he cannot, he must pay the full $400 filing fee in order to proceed. *See* 4:05-CV-00421-MP-AK, USCA Procedural Letter (N.D. Fla. Aug. 18, 2006) [ECF No. 37].

[3] To be clear, Petitioner's requested immediate release from custody also may not be an appropriate request for relief in the § 1983 context. Rather, when a prisoner brings an Eighth Amendment conditions-of-confinement claim, the appropriate relief "is to require discontinuance of any improper practices, or to require correction of any condition causing cruel and unusual punishment…[R]elief of an Eighth Amendment violation does not include release from confinement." *Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990).

B. <u>Dismissal for Lack of Exhaustion</u>

Even if Petitioner could seek habeas relief based on his COVID-19 safety concerns, the Respondent argues correctly that the petition should be dismissed because Petitioner has failed to exhaust his administrative remedies. [ECF No. 17 at 5].

Under § 2241, Petitioner must exhaust his administrative remedies before filing suit. *See Santiago-Lugo v. Warden,* 785 F.3d 467, 476 (11th Cir. 2015) (the judge made requirement of exhaustion, while not jurisdictional, is still a requirement). Exhaustion is a statutory requirement in a petition filed under 28 U.S.C. § 2254, and a judicially-imposed, not congressionally mandated requirement in the case of a 28 U.S.C. § 2241 petition. *See Fleming v. Warden, FCI Tallahassee,* 631 F. App'x 840, 842 (11th Cir. 2015); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that exhaustion is required "in all habeas cases" including those brought under § 2241). The exhaustion requirement is the same for §§ 2254 and 2241. *See Dill v. Holt,* 371 F.3d 1301, 1302-03 (11th Cir. 2004) ("Even though [petitioner] brought his petition seeking habeas corpus relief under § 2241, he is nevertheless subject to § 2254's exhaustion requirement."). Thus, courts cannot disregard a failure to exhaust where, as here, Respondent properly asserts the defense. *See Fleming,* 631 F. App'x at 842 (citing *Santiago-Lugo,* 785 F.3d at 475).

To properly exhaust administrative remedies, a prisoner must "petition[] the

highest court in the state in which he is being held 'when such review is part of the ordinary appellate review procedure' in that jurisdiction." *Jackson v. Walker*, 206 F. App'x 967, 968 (11th Cir. 2006) (citing *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004)). Furthermore,

> "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, *by any available procedure,* the question presented." 28 U.S.C. § 2254(c) (emphasis added). We have noted that a district court should only "in rare instances ... deviate from the exhaustion requirement." *Hughes v. Stafford,* 780 F.2d 1580, 1581 (11th Cir.1986). Even in cases where the claims of defects in the state correctional system presented by a prisoner may "rise to a constitutional level involving the denial of due process," our precedent has expressed a desire that such claims be first presented in a state forum. *Reynolds v. Wainwright,* 460 F.2d 1026, 1027 (5th Cir.1972).

*Jackson v. Walker*, 206 F. App'x at 968–69.

As noted by the Respondent [ECF No. 17 at 7], the Florida Supreme Court, districts courts of appeal and circuit courts have concurrent jurisdiction to issue writs of habeas corpus. Fla. Const. Art. V §§ 3(b)(9), 4(b)(3), 5(b); Fla. R. App. P. 9.030(a)(3), (b)(3), (c)(3). Review of the applicable state court dockets reveals that Petitioner has failed to exhaust his administrative remedies with respect to this § 2241 petition. Specifically, a Florida Supreme Court docket search reflects that Petitioner has not filed any appeals or petitions since 2009. A search of the Fifth District Court of Appeal and Lake County Circuit Court dockets, where Petitioner was convicted, reveals that the most recent proceedings in either court occurred back

in 2018.[4] A search of the Third District Court of Appeal and Miami-Dade County Circuit Court dockets, where Dade CI is located, reveals that he has never sought relief in either forum.

Accordingly, Respondent's argument is meritorious. Even if this Court could retain jurisdiction to consider Petitioner's § 2241 petition, it is due to be dismissed for failure to exhaust administrative remedies.

C. <u>Petitioner's Claim Does Not Warrant Injunctive Relief</u>

Here, Petitioner asserts that Dade CI officials have failed to implement preventative measures to stop the spread of COVID-19, resulting in unconstitutional cruel and unusual punishment. [ECF No. 10 at 1-2]. Petitioner seeks injunctive relief from the Court ordering his release from custody. [*Id*. at 10].

As an initial matter, the Respondent is correct that because habeas relief is unavailable to Petitioner regarding his challenge to his conditions of confinement, he has failed to state a claim for relief and he plainly cannot prevail on his underlying claim. Therefore, there can be no remaining cause of action to which an injunctive remedy could attach. *Klay v. United Healthgroup, Inc*, 376 F.3d 1092, 1098 (11th Cir. 2004) (citing *Paisey v. Vitale*, 807 F.2d 889, 892 (11th Cir. 1986) ("[T]he district court did not err in denying [the plaintiff's] motion for a preliminary injunction and

---

[4] The Court takes judicial notice of these dockets. *See* Fed. R. Evid. 201. The dockets have been incorporated into the record by separate order.

dismissing the injunctive count of [the plaintiff's] complaint because [the plaintiff] has failed to state a claim for relief…")). Petitioner's request for injunctive relief is therefore subject to dismissal on this basis alone.

Even if the request for injunctive relief could be considered, however, Petitioner's claim fails on the merits. The grant or denial of a preliminary injunction is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion. *See Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). When ruling on a motion for temporary restraining order, the party seeking relief must demonstrate the following four factors:

1. a substantial likelihood that he will prevail on the merits;

2. a substantial threat that he will suffer irreparable injury if the injunction is not granted;

3. the threatened injury outweighs the potential harm the injunction may do to the defendant; and,

4. the public interest will not be impaired if the injunction is granted.

*See Long v. Sec'y, Dep't of Corr.,* 924 F.3d 1171, 1176 (11th Cir. 2019)(citations omitted)(addressing the denial of a temporary restraining order for stay of execution); *Alabama v. U.S. Army Corps of Eng'r,* 424 F.3d 1117, 1128 (11th Cir. 2005) (describing the general standards for injunctive relief).

A convicted inmate's claims challenging the conditions of his confinement are "scrutinized under the Eighth Amendment's prohibition on cruel and unusual

punishment." *Jacoby v. Baldwin Cty.*, 835 F.3d 1338, 1344 (11th Cir. 2016). The challenged conditions must be objectively "serious" and "extreme" as to deprive the prisoner "of the minimal civilized measure of life's necessities." *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotation marks omitted). "Even so, 'the Constitution does not mandate comfortable prisons [or jails].'" *Id.* at 1289 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). The prisoner must additionally prove "the defendant prison officials acted with a sufficiently culpable state of mind with regard to the condition at issue." *Id.* The final requirement, causation, requires a plaintiff to show "a causal connection between the defendants' conduct and the Eighth Amendment violation." *Brooks v. Warden*, 800 F.3d 1295, 1301 (11th Cir. 2015). To be deliberately indifferent, a prison official must "knowingly or recklessly decline[] to take actions that would have improved the conditions." *Lamarca v. Turner*, 996 F.2d 1526, 1537 (11th Cir. 1993).

Here, Respondent does not dispute that the risk of contracting COVID-19 is a sufficiently serious risk, nor does he dispute that he was aware of facts from which the inference could be drawn that a substantial risk of serious harm from COVID-19 exists, and that he drew the inference. [ECF No. 17 at 14]. Rather, the issue is whether Respondent knowingly and recklessly disregarded such a risk.

Review of Assistant Warden Mario Corrales's affidavit, provided by the Respondent in his response, reveals that authorities at Dade CI recognize the

seriousness of the risk of contracting COVID-19 and have taken measures to prevent the spread of the virus. Particularly, all staff undergo temperature checks and health screening prior to the start of their shifts and are provided with personal protective equipment and hand sanitizer. [ECF No. 17, Ex. A at ¶¶ 5, 7]. Each dorm is provided with disinfectant cleaning products, and inmate orderlies are required to disinfect each dorm's communal areas three times per day. [*Id*. at ¶¶ 12, 13]. Moreover, no new or transferred inmates are being introduced into the prison, and no inmates are being transferred out except for emergency visits to hospitals and necessary mental health care. [*Id*. at ¶ 9]. In the chow hall, inmates may only sit two to a table, and must sit at opposite ends. [*Id.* at ¶ 19]. If an inmate does test positive, all other inmates are removed from that dorm for 14 days, and the positive inmate is moved to an isolation cell in the infirmary. [*Id*. at ¶ 21]. These are only some, but not all, of the preventative measures that Assistant Warden Corrales swears to in his affidavit. *See generally* [ECF No. 17, Ex. A]. Between June 25 and June 30, Dade CI tested its entire inmate population, and only 3.8%, or 54 out of 1,406 inmates, tested positive. [*Id*. at ¶ 21].

Petitioner acknowledges these efforts in his amended petition [ECF No. 10 at 3-4] but asserts that no protective measures can prevent the spread of the virus. [*Id.* at ¶ 16]. As such, he alleges that immediate relief from custody is necessary. [*Id.* at ¶ 34].

Petitioner cannot demonstrate a substantial likelihood of success on the merits because he fails to demonstrate that officials have knowingly or recklessly disregarded any serious risk of harm to him. This is particularly true, where, as discussed above, Dade CI has implemented numerous policies and procedures to prevent the spread of the virus. Although Petitioner claims that these protective measures are patently inadequate, the Eleventh Circuit recently rejected the grant of the preliminary injunction by the District Court based on similar facts involving the serious risk posed by COVID-19. Specifically, the Eleventh Circuit, in staying a preliminary injunction pending an expedited appeal, noted,

> Accepting, as the district court did, that the defendants adopted extensive safety measures such as increasing screening, providing protective equipment, adopting social distancing when possible, quarantining symptomatic inmates, and enhancing cleaning procedures, the defendants' actions likely do not amount to deliberate indifference.

!
*Swain v. Junior*, 958 F.3d 1081, 1090 (11th Cir. 2020). Then, when reversing the grant of the injunction a month later, the Eleventh Circuit expressly found that the plaintiff had failed to demonstrate a substantial likelihood of success on the merits.

> Accordingly, even while the district court seemed to assume a state of affairs in which the defendants had taken numerous measures to combat the virus, it held that the defendants were nonetheless deliberately indifferent based on two considerations: (1) the increase in the rate of infections at Metro West and (2) the lack—and seeming impossibility—of meaningful social distancing at the facility. In so concluding, the district court erred. Neither the resultant harm of increasing infections nor the impossibility of achieving six-foot social distancing in a jail environment establishes that the defendants acted

>with "subjective recklessness as used in the criminal law." *Farmer*, 511 U.S. at 839–40, 114 S.Ct. 1970 (quotation omitted).

*Swain v. Junior*, 961 F.3d at 1287 (11th Cir. 2020).

In light of *Swain* and the relevant facts of this case, including the multiple preventative measures that Respondent has taken to lessen the spread of COVID-19 in the institutional setting at Dade CI, Petitioner fails to demonstrate a substantial likelihood of success on an Eighth Amendment violation because he fails to make any showing of deliberate or reckless indifference. Having determined that Petitioner cannot demonstrate a substantial likelihood of success on the merits, the Court need not address the other requirements to state a claim for injunctive relief. Petitioner's claim for injunctive relief should be denied.

## VI. Recommendations

Based upon the foregoing, it is recommended that this petition be DISMISSED, that all pending motions be DISMISSED AS MOOT and the case CLOSED.

Objections to this report may be filed with the court within fourteen days of receipt of a copy of the report. Failure to file timely objections may bar Petitioner from a *de novo* determination by the district judge of an issue covered in this report and may bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Williams v.*

*McNeil,* 557 F.3d 1287, 1291 (11th Cir. 2009)(finding district court has discretion to decline consideration of arguments not presented to the magistrate judge in the first instance).

Signed this 24th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Richard Stearns-Miller
126563
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034
PRO SE

Shane Weaver
Office of the Attorney General
Civil Litigation
1515 N. Flagler Dr.
Suite 900
West Palm Beach, FL 33401
561-268-5216
Fax: 561-837-5102
Email: shane.weaver@myfloridalegal.com